Pleading and practice; motion to dismiss; patent infringement. — The following order was entered in the above case on November 30,1973:
Before Davis, SkeltoN and Nichols, Judges.
“This is a suit by a patentee for reasonable and entire compensation under 28 U.S.C. § 1498. The suit was filed in 1970 and there has been some discovery, as a result of which in April 1973, plaintiff filed an amended petition. Defendant has not yet answered. It now presses a so-called motion to ¡dismiss which is actually a motion for partial summary judgment, as it is supported by an affidavit and excerpts from a deposition. See Buie 38(b). The case has been considered on this motion, without oral argument.
“By the amended petition, the patent, No. 2,844,816 relates to a system of radio navigation in which a plurality of transmitters transmit(s) a sequence of segments of continuous-wave radio signals, employing three specific, 'harmonically related frequencies, to be received by a receiver on the ‘vehicle to be navigated’, adapted to receive the signals separately and process them so as to determine the vehicle’s navigational position by making a phased comparison of signals. The amended petition does not seem to allege any infringement by defendant except in connection with its Omega system. This is under development by the Navy with transmit *714 ters at La Moure, N. D.; Norway; Trinidad, W. I.; and Hawaii, with, four others in various stages of completion. The network is scheduled for full completion in 1975, and the Coast Guard has ‘operational responsibility’. The petition names various domestic and foreign companies that have, it says, furnished receivers. It seems from the amended petition, paragraph 8, a reasonable inference that any infringement by a receiver would be in use, not design, and would occur only if the receiver were used with an infringing transmitter. An identical receiver otherwise used would not infringe. It is difficult to see, therefore, why the mere identity of sources of supply of receivers is at this point a matter of transcendent importance. Plaintiff says it can now state its claim with reasonable particularity.
“The so-called motion to dismiss related to receivers, not transmitters. It undertakes to show that the patent, the petition and a paper filed in court all limit plaintiff’s claims to receivers working with three frequency systems, and that certain vendors named in the petition have supplied the Navy for the Omega system only two- or one-frequency receiver systems. Others named have not supplied any receivers. The Fletcher affidavit goes further in places and apparently alleges no such Navy procurement for any purposes, but it is not clear whether this is intentional nor is Fletcher shown to have knowledge of Navy procurement outside the Omega program. There are also excerpts from the deposition of a Captain Burke, equally indefinite. The defendant would have us dismiss the petition as to receiver systems other than the one three-frequency system, and as to all procurement from certain suppliers.
“Plaintiff denies it has limited its claim to three-frequency systems, except on the transmitters. It calls attention to the absence of showing that other agencies than the Navy have not procured. Defendant has not shown the Navy has sole procurement responsibility for the Omega program. Its witnesses have no knowledge of other than Navy procurement, so far as appears, and it is not even clearly apparent they know Navy procurement in its totality. Defendant offers in its reply to have us dismiss the petition to the extent requested, as to Navy procurement only, leaving plaintiff *715 free if it can to develop procurement by other agencies of infringing devices.
“The court does not approve the use of motions to dismiss actions in part, as a means to narrow the issues for trial, and delimit discovery, 'before pre-trial methods of obtaining that result have been tried and found ineffective. In the instant case, the defendant’s difficulty in stating what it wants dismissed well illustrates the inflexible and awkward nature of the instrument it is trying to misuse. At a properly conducted pre-trial conference it should be easy to determine whether procurement for the Omega program is the only infringement relied on, to what offices or agencies procurement for the Omega program is assigned, where possibly infringing transmitters and receivers have been procured, for the Omega program specifically, and whether one or two-frequency receiving devices have been procured for possibly infringing uses. There has been one pre-trial conference, but that does not preclude another. There should not be any further depositions until the issues are clarified, thus defendant need not go, as it fears it must, to distant places to take depositions that will prove in the end to be irrelevant.
“it is therefore ordered that the motion to dismiss, so-called, actually for partial summary judgment, is denied, and the trial judge is directed to conduct a pre-trial conference in a manner consistent with this order, before approving any further depositions.”